**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| GEORGE R. SHINGLETON, | : | |
| Petitioner, | : | Case No. 3:03CV450 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| DEBORAH TIMMERMAN-COOPER, | : | |
| Warden, London Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

On April 17, 1981, a jury in the Montgomery County, Ohio Court of Common Pleas found Petitioner George R. Shingleton guilty of aggravated robbery and aggravated murder. (Doc. 7, Exhibits 2, 3).  On June 1, 1981, the trial court sentenced Shingleton to a life term of imprisonment on the aggravated murder conviction.[2]  *Id*. at Exh. 5.  Shingleton unsuccessfully pursued direct and collateral appeals in the Ohio courts, as detailed in a prior Report and Recommendations in this case.  (Doc. #16, §II).

Shingleton brings the present case seeking a writ of habeas corpus under 28 U.S.C. §2254.  This case is before the undersigned Judicial Officer for further consideration of the prior

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  Upon Shingleton's Motion, the Court had previously withheld sentence on his aggravated robbery conviction. *Id*. at Exh. 4.

Report and Recommendations (Doc. # 16) in light of Singleton's Objections (Doc. #19). The case is also before the Court upon Shingleton's Motion for Discovery (Doc. #25) and Respondent's Memorandum in Opposition (Doc. #26).

The prior Report concluded that Shingleton did not file his habeas Petition before the expiration of the applicable one-year statute of limitations. Shingleton does not dispute that the statute of limitations began to run when his conviction became final on February 8, 2000 and that he filed an Application for Reconsideration under Ohio R. App. P. 26(A) in the Ohio Court of Appeals on October 2, 2000. (Doc. #19, Memo. at 1). He, however, objects to three aspects of the Report concerning (1) how and when the additional time the limitations period ran, (2) equitable tolling, and (3) actual innocense. *Id.*

## II.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which became effective on April 24, 1996, implemented a one-year statute of limitations requiring federal habeas petitioners to file their Petitions within one year from the conclusion of their direct state appeals. 28 U.S.C. §2244(d)(1)[3]; *see DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).

Under 28 U.S.C. §2241(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[3] Section 2244(d) states in pertinent part:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Shingleton objects to the prior Report's conclusions that his Rule 26(A) Application for Reconsideration was not properly filed and did not toll the statute of limitations. The prior Report concluded in part that Shingleton's Rule 26(A) Application was not properly filed within the meaning of §2244(d)(2), because the Ohio Court of Appeals held that Shingleton had not shown extraordinary circumstances to justify his eighteen-year delay in filing it. (Doc. #16 at 7). Shingleton's objections do not establish any reason for concluding that his Rule 26(A) was properly filed within the meaning of §2244(d)(2). Consequently, the conclusion that it was not properly filed remains valid as does the resulting conclusion that Shingleton's Rule 26(A) Application did not toll the statute of limitations. *See* Doc. #16 at 7 (and cases cited therein).

The prior Report also concluded that even if Shingleton's Rule 26(A) Application tolled the limitations period, his federal habeas Petition remained untimely. (Doc. #16 at 7-8). This is calculated as follows:

| Conviction became final | February 8, 2000 | statute of limitations began to run |
|---|---|---|
| Tolling occurred when Rule 26(A) filed | October 2, 2000 | statute had run 236 days |
| Tolling ended at conclusion of Rule 26(A) proceedings | January 16, 2002 | statute began to run again |
| Statute of limitations ended | May 25, 2002 | 129 more days ran and limitations period expired (236 + 129 = 365 days) |

Shingleton objects to the Report on the ground that it incorrectly concluded that tolling ended on January 16, 2002 when the proceedings related to his Rule 26(A) Application

3

concluded in the Ohio Supreme Court.  Shingleton maintains that tolling continued until August 26, 2002, when the United States Supreme Court rejected his Petition for Writ of Certiorari.  This is partly correct because tolling remains effective until the Supreme Court denies a Petition for Writ of Certiorari concerning state petition for post-conviction or collateral relief *See King v. Bell*, 378 F.3d 550, 552 (6th Cir. 2004)(citing *Abela v. Martin*, 348 F.3d 164, 172-73(6th Cir. 2003)(en banc)).

Yet, Shingleton's contention that tolling continued until August 26, 2002, when the U.S. Supreme Court denied his Motion for Reconsideration lacks merit.  *See* Doc. #7, Exh.; *see also Shingleton v. Ohio*, 536 U.S. 933, 984.  Instead, tolling ended on June 17, 2002, the day the U.S. Supreme Court denied Shingleton's Petition for a Writ of Certiorari.  At this point, Shingleton's Petition for Writ of Certiorari was no longer pending before the U.S. Supreme Court.  Neither his Motion to Reconsider nor the Supreme Court's later (August 2002) denial of the Motion to Reconsider revived his already denied Petition.  Consequently, tolling ended and the statute of limitations began to run again on June 17, 2002, and 129 days remained in the limitations period.  This remaining time expired on October 24, 2002.  Shingleton's federal habeas Petition, filed on December 10, 2003, is therefore untimely.

As the prior Report also discussed, Shingleton's Rule 26(B) Motion for Leave to Appeal, filed in the Ohio Court of Appeals on December 2, 2002, did not toll the statute of limitations because there was simply no time left to toll.  *See* Doc. #16 at 9 (and case cited therein).  This conclusion remains valid even if the limitations period was tolled during the time Shingleton's Rule 26(A) Application remained pending in the U.S. Supreme Court.  Because this tolling ended on June 17, 2002, the statute of limitations expired on October 24, 2002, leaving no time

left to toll when Shingleton filed his December 2, 2002 Motion for Leave to Appeal. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2000).

In addition, the Ohio Court of Appeals dismissed Shingleton's Rule 26(B) Motion for Leave to Appeal because it was "extremely untimely...." (Doc. #7, Exh. 37). This Court is bound to this resolution of an issue of state procedural law because "federal courts ... defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). The Ohio Court of Appeals' conclusion that Shingleton's Rule 26(B) Motion was not properly filed due to its extreme untimeliness "governs whether such action tolls the statute of limitations under §2244(d)(2)." *Vroman*, 346 F.3d at 603. Consequently, Shingleton's Rule 26(B) Motion was not properly filed within the meaning of §2241(d)(2), and it did not toll the limitations period from running. *See Vroman*, 346 F.3d at 603-04. The effect of this is devastating to Shingleton's arguments. Even if tolling continued as he calculates until August 2002 when the U.S. Supreme Court denied his Motion to Reconsider, his untimely Rule 26(B) Motion in December 2002 did not again toll the limitations period because it was not properly filed. *See Vroman*, 603-04. Without Rule 26(B) tolling – and counting as Shingleton does from August 26, 2002 – the statute of limitations ran for 129 days, expiring on January 2, 2003. Shingleton filed his federal habeas Petition on December 10, 2003, well after the January 2, 2003 deadline (with all possible Rule 26(A) tolling).

As to Shingleton's remaining objection to the prior Report's conclusions, he contends that he is actually innocent of aggravated murder and therefore equitable tolling excuses his untimely Petition. This contention lacks merit because, as found in the prior Report, Shingleton

5

does not present a credible claim of actual innocense. *See* Doc. #16 at 10-11.

Accordingly, Shingleton's Petition is untimely.

### III.  SHINGLETON'S MOTION FOR DISCOVERY

Shingleton's Motion for Discovery seeks information "to advance his Ground One, Two and Three" of his habeas Petition. (Doc. #25, Memo. at 2). Because Shingleton's Petition is barred by the applicable one-year statute of limitations, this Court may not reach the merits of his federal constitutional claims. Shingleton is therefore not entitled to discovery, and his Motion for Discovery lacks merit.

### IV.  CERTIFICATE OF APPEALABILITY

Before Shingleton may appeal a denial of his habeas petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability concerning a dismissal of a habeas Petition on procedural grounds, a petitioner must show that jurists of reason would find the it debatable whether the District Court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The conclusions that Shingleton's Petition is time barred, that he has not made a colorable showing of actual innocense, and that equitable estoppel does not excuse the untimeliness of his Petition are not debatable by jurists of reason. Consequently, a certificate of appealability should not issue in this case.

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Shingleton's Objections (Doc. #19) to the Report and Recommendations filed on March 2, 2006 (Doc. #16) be OVERRULED;

2. Respondent's Motions to Dismiss Petition as Time Barred (Doc. #s 4, 9) be GRANTED;

3. Shingleton's Petition (Doc. #1) be DISMISSED as time barred under 28 U.S.C. §2244(d)(1);

4. Shingleton's Motion for Discovery (Doc. #25) be DENIED;

5. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

6. The case be terminated on the docket of this Court.


August 8, 2006            s/Sharon L. Ovington
         Sharon L. Ovington
         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).