IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


GEORGE R. SHINGLETON,
:
        Plaintiff-Petitioner,
:
   vs.                                Case No. 3:03cv450
:
DEBORAH TIMMERMAN-COOPER,     JUDGE WALTER HERBERT RICE
WARDEN, LONDON CORRECTIONAL  :
INSTITUTION,

        Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING INITIAL (DOC. #16) AND
SUPPLEMENTAL (DOC. #27) REPORTS AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE, AS SUPPLEMENTED
HEREIN; PLAINTIFF-PETITIONER'S OBJECTIONS TO SAID JUDICIAL
FILINGS (DOCS. #19 AND #28) OVERRULED; JUDGMENT TO ENTER
IN FAVOR OF DEFENDANT-RESPONDENT AND AGAINST PLAINTIFF-
PETITIONER, DISMISSING PLAINTIFF-PETITIONER'S PETITION FOR
WRIT OF HABEAS CORPUS AS TIME BARRED; CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*
DENIED; TERMINATION ENTRY

---

      Based upon the reasoning and citations of authority set forth by the United

States Magistrate Judge in her Initial (Doc. #16) and Supplemental (Doc. #27)

Reports and Recommendations, as well as upon a thorough *de novo* review of this

Court's file and the applicable law, this Court adopts said Reports and

Recommendations, as supplemented herein.  Plaintiff-Petitioner's Objections to said

judicial filings (Docs. #19 and #28) are overruled. Judgment will be ordered entered in favor of the Defendant-Respondent and against Plaintiff-Petitioner, dismissing Plaintiff-Petitioner's Petition for Writ of Habeas Corpus, as barred by the applicable statute of limitations.

This Court notes that the Magistrate Judge held, in accordance with then binding Sixth Circuit authority, that the statute of limitations was tolled for 90 days, during which Plaintiff-Petitioner could have sought a writ of certiorari from the United States Supreme Court, in order to review the dismissal of his request for post-conviction relief in state court under § 2923.21, following dismissal of that petition through the state court system. *See* Doc. #16 at 7; Doc. #20 at 3-4. Subsequently, however, the United States Supreme Court held that the statute of limitations for habeas corpus proceedings is not tolled under those circumstances. *Lawrence v. Florida*, — U.S. —, 127 S.Ct. 1079 (2007). Of course, the decision by the *Lawrence* Court merely means that Plaintiff-Petitioner's request for a writ of habeas corpus is even more barred by the statute of limitations, than indicated by the Magistrate Judge.

In addition, this Court will briefly set forth its reasons for concluding that Plaintiff-Petitioner's claim of actual innocence does not equitably toll the statute of limitations. In *Ross v. Berghuis*, 410 F.3d 552 (6th Cir. 2005), the Sixth Circuit explained its holding in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), noting that it had held therein that actual innocence could equitably toll the statute of

limitations, if "the petitioner [could] prove that new[,] reliable evidence establishes his innocence by a more-likely-than-not standard." *Id*. at 556. The *Ross* court also noted that the holding in *Souter* was based upon the decision of the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id*. Herein, the Plaintiff-Petitioner has not presented new, reliable evidence which would establish his innocence under any standard. On the contrary, he has merely argued that the witnesses who testified against him were not credible and that, therefore, his conviction cannot stand. Accordingly, this Court concludes that the Plaintiff-Petitioner has failed to make a showing of actual innocence, which would equitably tool the statute of limitations in this litigation.

Because this Court's Opinion herein would not be debatable among jurists of reason and, further, because any appeal from the decision rendered herein would be <u>objectively</u> frivolous, this Court denies both a Certificate of Appealability and anticipated request for leave to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
|  | /s/ Walter Herbert Rice |
| February 5, 2008 | WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

George R. Shingleton, Pro Se

Jerri Lynne Fosnaught, Esq.
Stephanie L. Watson, Esq.

Magistrate Judge Sharon L. Ovington