IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE R. SHINGLETON,                 :

    Petitioner,                       :

                                      Case No. 3:03cv450

    vs.                               :

                          JUDGE WALTER HERBERT RICE

DEBORAH TIMMERMAN-COOPER,              :
WARDEN LONDON CORRECTIONAL             :
INSTITUTION,                           :

    Respondent.                       :

DECISION AND ENTRY OVERRULING PETITIONER'S OBJECTIONS
(DOC. #34) TO REPORT AND RECOMMENDATIONS OF MAGISTRATE
JUDGE (DOC. #33); DECISION AND ENTRY OVERRULING
PETITIONER'S MOTION TO RECONSIDER (DOC. #32); CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*
DENIED; CASE REMAINS TERMINATED

On February 5, 2008, this Court entered a Decision in which it concluded that the Petitioner's request for a writ of habeas corpus is barred by the applicable statute of limitations. See Doc. #30. Therefore, the Court adopted the initial and supplemental Reports and Recommendations (Docs. ##16 and 27), issued by United States Magistrate Judge Sharon Ovington, and overruled the Petitioner's Objections (Docs. ##19 and 28) to those judicial filings. Id. Judgment on that Decision was entered that day. See Doc. #31. On February 14, 2008, Petitioner filed a Motion to Reconsider (Doc. #32), with which he requests that this Court

reconsider and vacate its Decision of February 5, 2008. Judge Ovington has issued a Report and Recommendations (Doc. #33), recommending that this Court overrule that motion, a judicial filing to which Petitioner has objected. See Doc. #34. For reasons which follow, the Court overrules the Petitioner's Objections (Doc. #34) and his Motion to Reconsider (Doc. #32).

The Magistrate Judge reviewed Petitioner's request for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure and concluded that Petitioner had failed to establish excusable neglect, mistake or inadvertence.[1] This Court cannot agree with the Magistrate Judge that Petitioner's Motion to Reconsider should be judged under Rule 60(b). Since the Petitioner requested reconsideration within 10 days of the entry of judgment, his motion is one to alter or to amend, filed in accordance with Rule 59(e) of the Federal Rules of Civil Procedure, rather than being a request for relief from judgment under Rule 60(b). See Turner v. General Motors Corp., 2001 WL 1456340 (6th Cir. 2001) (motion for reconsideration served within 10 days after entry of judgment is to be treated as motion to alter or amend under Rule 59(e), rather than one requesting relief from judgment under Rule 60(b).

Nevertheless, this Court concludes that the Petitioner has not demonstrated that the Court's previous Decision was erroneous and, thus, should be vacated. Petitioner argues that this Court should vacate its Decision, because the time in which he had to initiate his request for habeas corpus relief under 28 U.S.C. § 2254 was tolled when he pursued his remedies under Rule 26(B) of the Ohio

---

[1]The Petitioner did not indicate what procedural rule he was proceeding under, nor has he objected to the Magistrate Judge's use of Rule 60(b).

Rules of Appellate Procedure. Although this Court did not discuss those proceedings in its Decision, Judge Ovington addressed his arguments concerning the Rule 26(B) proceedings at length in the two Reports and Recommendations (Docs. ##16 and 27) which this Court adopted. Similarly, this Court does not agree with Petitioner that there is any basis for concluding that part of the time that counts toward the running of the statute of limitations is subject to equitable tolling. Additionally, this Court does not agree with Petitioner that it erroneously interpreted Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079 (2007) in its Decision. See Doc. #30 at 2. Moreover, this Court cannot agree with the Petitioner that it erred by declining to grant him a Certificate of Appealability.

Accordingly, the Court overrules the Petitioner's Motion to Reconsider (Doc. #32) and his Objections (Doc. #34) to the Report and Recommendations of the Magistrate Judge.[2]

Because this Court's Opinion herein would not be debatable among jurists of reason and, further, because any appeal from the decision rendered herein would be objectively frivolous, this Court denies both a Certificate of Appealability and an anticipated request for leave to appeal *in forma pauperis*.

---

[2]The Court does not adopt that judicial filing, since it is predicated upon Rule 60(b), rather than upon Rule 59(e).

- 4 -

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 29, 2008

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.